JULIUS THALHEIM, Respondent, v. MAGGIE A. SLOTE, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

WILHELM ULLRICH and ELIZABETH ULLRICH, Respondents, v. EMPIRE STATE DAIRY COMPANY, Appellant.— The findings made by the court at Special Term are approved, except that apparently the injunction prohibits defendant from driving any automobile trucks into the premises 270 Barbey street, except by means of the entrance or exit from Atlantic avenue or Schenck avenue. The opinion of the learned justice at Special Term refers to the automobile truck which first brings milk from the railroad station, which, when once in, remains there till morning. There may be adequate reasons for excluding this nightly arrival from the Barbey street entrance. At other times, we think, under the restrictions so carefully prescribed in the decree, defendant should have a right to use the Barbey street entrances to its covered driveway. The judgment is, therefore, thus limited, and as so modified affirmed, without costs of this appeal. Jenks, P. J., Stapleton, Mills and Putnam, JJ., concurred. Order to be settled before Putnam, J.·

VANDERVEER CROSSINGS, INC., Respondent, v. LOUIS HOCHSTEIN and ABRAHAM H. FELDMAN, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

ISABEL VOLLMUTH, Appellant, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Respondent.— Judgment reversed and new trial granted, costs to abide the event, upon the ground that it was for the jury to say whether it was negligence upon the part of the motorman to open the valve at the time and place and under the circumstances established by the evidence. In this case the act is not like that in the case of Hoag v. South Dover Marble Co. (192 N. Y. 412). Jenks, P. J., Stapleton, Rich, Putnam and Blackmar, JJ., concurred.

JANE L. WITTE, Respondent, v. DAVID PINDYCK, Appellant.— Judgment reversed and new trial granted, costs to abide the final award of costs. We find no evidence which warrants equitable relief, and legal relief was neither invoked nor given. Jenks, P. J., Stapleton, Rich, Putnam and Blackmar, JJ., concurred.

ELIZABETH WOODBRIDGE, Appellant, v. NEW YORK CONSOLIDATED RAILROAD COMPANY and SOUTH BROOKLYN RAILWAY COMPANY, Respondents.— Judgment reversed and new trial granted, costs to abide the event, upon the ground that we think that the evidence of the plaintiff could be taken by the jury as establishing that either a screw or a nail protruded from the platform, and that such fact, unexplained, was sufficient to warrant the jury in finding negligence. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.